UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DONALD RAY LAWRENCE,** | } |
| Petitioner, | } |
| v. | } Case No.: 5:17-cv-00064-RDP-JHE |
| **WARDEN CHRISTOPHER GORDY, et al.,** | } |
| Respondents. | } |

**MEMORANDUM OPINION**

This case is before the court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. # 1). Respondents have answered the petition and seek its dismissal because it is a second or successive habeas petition, and Petitioner has not received permission from the Eleventh Circuit to file a second or successive petition. (Doc. # 3 at 2). Petitioner has replied that the Eleventh Circuit denied him leave to file a second or successive petition in December 2016 because it could not find any records of a prior Section 2254 petition. (Doc. # 5 at 1). Moreover, he argues that a prior Section 2254 petition entered into the record by Respondents was dismissed without prejudice. (*Id.*). After careful review, and for the reasons explained below, the court concludes that Petitioner's petition is due to be dismissed without prejudice because Petitioner has not received authorization to file this second or successive petition.

**I.      Factual Background**

In 1982, an Alabama circuit court convicted Petitioner of first degree rape and sentenced him to 99 years' imprisonment. (Doc. # 3-1 at 1). The Alabama Court of Criminal Appeals

affirmed his judgment in 1983. (*Id.* at 5). This court dismissed a petition for habeas corpus filed by Petitioner in 1984 because he had failed to exhaust his state remedies. (Doc. # 3-6 at 1).

Petitioner then filed a Section 2254 petition in July 1986. (Doc. # 3-1 at 3-8). He claimed that the state wrongfully impeached his testimony by examining a rebuttal witness about an immaterial issue. (*Id.* at 7). Moreover, he insisted that the state court should have granted him a new trial because it improperly allowed the jury to consider the immaterial testimony. (*Id.*). A Magistrate Judge of this court recommended denying Petitioner's habeas petition because (1) the Alabama Court of Criminal Appeals had addressed the issue on direct appeal and decided it against Petitioner, and (2) a violation of state procedural rules generally does not rise to a violation of a defendant's fundamental rights. (Doc. # 3-2 at 4-5). This court adopted the Report and Recommendation and denied Petitioner's Section 2254 habeas petition. (Doc. # 3-3).

In November 2016, Petitioner sought leave from the Eleventh Circuit to file a second or successive Section 2254 petition. (Doc. # 3-4). The Eleventh Circuit denied his application because it could not find documentary evidence that Petitioner had filed a prior Section 2254 petition that was denied with prejudice. (Doc. # 3-5 at 4).

**II. Analysis**

The central question in this case is whether this Section 2254 petition is a second or successive petition subject to the restrictive requirements of 28 U.S.C. § 2244(b). Absent circumstances not present in this case, this court does not have jurisdiction to consider a second or successive habeas petition if the petitioner has not received authorization from the Eleventh Circuit to file the petition.[1] *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).

---

[1] For example, Petitioner's claim in this habeas petition that he was charged under an invalid indictment is not a claim that ripened after the denial of his first Section 2254 petition in 1986. *Cf. Stewart v. United States*, 646

2

A habeas petition is "second or successive" if it seeks invalidation, in whole or in part, of the same state court judgment challenged in an earlier habeas petition. *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Having said that, a habeas petition from a state prisoner is not considered to be second or successive if the state prisoner's first habeas petition was dismissed without prejudice for failure to exhaust available state remedies. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

Petitioner claims that his prior federal habeas petition was denied without prejudice for failure to exhaust state remedies. (Doc. # 5 at 1). While Petitioner's *1984* federal habeas petition was dismissed without prejudice for failure to exhaust state remedies (Doc. # 3-6 at 1), his *1986* federal habeas petition was denied on the merits (Docs. # 3-2 at 4-5; 3-3). Therefore, Petitioner is subject to the limitations on filing a second or successive habeas petition in this court.[2] Because he has not received permission from the Eleventh Circuit to file this second or successive petition, it is due to be dismissed without prejudice. An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this May 3, 2017.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

F.3d 856, 860 (11th Cir. 2011) ("Particularly when a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'").

[2] This is true even though Petitioner's first federal habeas petition was denied before the enactment of the Anti-Terrorism and Effective Death Penalty Act in 1996. *In re Medina*, 109 F.3d 1556, 1561-62 (11th Cir. 1997) (rejecting a challenge to the application of Section 2244(b) where the petitioner's first habeas petition was filed before 1996), *overruled in part on other grounds by Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998).